COPY

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ANTHONY J. LEWIS (Cal. Bar No. 231825)
AARON M. LEWIS (Cal. Bar No. 284244)
Assistant United States Attorneys
National Security Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-1786/4586
    Facsimile: (213) 894-6436
    E-mail: anthony.lewis@usdoj.gov
            aaron.lewis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
JUN 27 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

IN RE COMPLAINT, SUPPORTING AFFIDAVIT, AND ARREST WARRANT FOR SU BIN

No. _____ 14-1318M

GOVERNMENT'S EX PARTE APPLICATION FOR ORDER SEALING COMPLAINT, DETENTION REQUEST, ARREST WARRANT, AND SUPPORTING AFFIDAVIT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTHONY J. LEWIS

(UNDER SEAL)

The government applies ex parte for an order directing that the complaint, supporting affidavit, detention request, and arrest warrant, as well as this ex parte application, the memorandum of points and authorities, the declaration of Anthony J. Lewis, and this Court's sealing order, be kept under seal until further order of the Court, or until the defendant appears in federal court or the government determines that these materials are subject to its

discovery obligations in connection with criminal proceedings, at which time they may be unsealed or produced to defense counsel. Further, for the purpose of locating, arresting, and extraditing the defendant charged in the complaint, the United States requests permission to provide the arrest warrant, complaint, and supporting affidavit to foreign law enforcement and other authorities as deemed appropriate by the United States.

This ex parte application is based on the attached memorandum of points and authorities, the declaration of Anthony J. Lewis, and the records and files in this case, including the affidavit in support of a criminal complaint in this matter.

Dated:   _June 27, 2014_                    Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


ANTHONY J. LEWIS
AARON M. LEWIS
Assistant United States Attorney
National Security

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

MEMORANDUM OF POINTS AND AUTHORITIES

The government requests that this Court seal the complaint, arrest warrant, detention request, and supporting affidavit, as well as this ex parte application and all supporting documents, to maintain the integrity of its investigation.  Approval from this Court to seal these documents is required under Local Rule 79-5.1. The Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants.  In re Sealed Affidavit (Agosto), 600 F.2d 1256 (9th Cir. 1979) (per curiam) (holding that even aside from Federal Rule of Criminal Procedure 41 "courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"); see also Offices of Lakeside Non-Ferrous Metals, Inc., 679 F.2d 778, 779-80 (9th Cir. 1982) (citing Agosto).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of a warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41.  In re EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996).  In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued.  If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there has been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

Id. at 517.  Accord In re Grand Jury Proceedings, 115 F.3d 1240, 1247 (5th Cir. 1997).

1

Here, for the reasons described in the attached declaration, sealing is necessary to maintain the integrity of the government's investigation. Accordingly, the government requests that the arrest warrant, detention request, the complaint, and the supporting affidavit, as well as this ex parte application, the memorandum of points and authorities, the declaration of Anthony J. Lewis, and this Court's sealing order, be kept under seal until further order of the Court, or until the defendant appears in federal court or the government determines that these materials are subject to its discovery obligations in connection with criminal proceedings, at which time they may be unsealed or produced to defense counsel. Further, for the purpose of locating, arresting, and extraditing the defendant charged in the complaint, the United States requests permission to provide the arrest warrant, complaint, and supporting affidavit to foreign law enforcement and other authorities as deemed appropriate by the United States.

2

## DECLARATION OF ANTHONY J. LEWIS

I, Anthony J. Lewis, declare as follows:

1. I am an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Central District of California. I am one of the prosecutors who represent the government in the investigation of Su Bin, in which the government has submitted a complaint, supporting affidavit, detention request, and arrest warrant.

2. Defendant Su Bin, charged in the above-captioned complaint, has not been taken into custody on the charges contained in the complaint affidavit and has not been informed that he is being named as a defendant in the complaint. The likelihood of apprehending defendant is very likely to be jeopardized if the affidavit or other documents in this case were made publicly available before defendant is taken into custody on the complaint, as set forth in the affidavit supporting the complaint.

Accordingly, the government requests that the arrest warrant, detention request, complaint, and supporting affidavit in the above-titled case, together with this ex parte application, the memorandum of points and authorities, the declaration of Anthony J. Lewis, and this court's sealing order, be kept under seal until further order of the court, or until the defendant appears in federal court or the United States determines that these materials are subject to its discovery obligations in connection with criminal proceedings, at which time they may be unsealed or produced to defense counsel. Further, for the purpose of locating, arresting, and extraditing the defendant charged in the complaint, the United States requests permission to provide the arrest warrant, complaint, and supporting

1

affidavit to foreign law enforcement and other authorities as deemed appropriate by the United States.

3.    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

DATED:  _June 27, 2014_

_____
ANTHONY J. LEWIS