

FILED
CLERK, U.S. DISTRICT COURT
FEB 17 2016
CENTRAL DISTRICT OF CALIFORNIA
BY             DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SU BIN,<br>　aka "Stephen Su,"<br>　aka "Stephen Subin,"<br>　aka "Steven Subin,"<br><br>　　　　Defendant. | Case No.  SA CR 14-141(B)<br><br>ORDER OF DETENTION |

I.

The Court conducted a detention hearing:

☒　On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government **is not** entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ No stable residence or employment within the Central District of California.
- ☒ Family and business ties to Canada and China and extensive foreign travel.
- ☒ Ties to foreign countries. Defendant is a citizen of China, a permanent legal resident of Canada and maintains a residence in both China and Canada.
- ☒ Lack of bail resources in the United States

As to danger to the community:

☒ Allegations in present charging document

Defendant is a citizen and resident of China and a legal resident of Canada, who has virtually no ties to the Central District. Defendant is charged with unauthorized computer access, conspiracy to export defense articles without a license, conspiracy to commit theft of trade secrets, and aiding and abetting. The Court believes that defendant, who has considerable financial resources, has the ability, and also an incentive (given the charges and the penalty faced upon conviction), to leave the jurisdiction and thus poses a flight risk.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: February 17, 2015

/s/
HON. ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE