EILEEN M. DECKER
United States Attorney
PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division
ANTHONY J. LEWIS (Cal. Bar No. 231825)
Assistant United States Attorneys
Deputy Chief, Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1786
     Facsimile: (213) 894-7631
     E-mail:  anthony.lewis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR 14-131(B)-CAS |
| Plaintiff, | ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER |
| v. | |
| SU BIN, | |
| Defendant. | |

UPON REVIEW OF THE STIPULATION BY THE UNITED STATES OF AMERICA AND DEFENDANT SU BIN, THE COURT HEREBY FINDS:

Defendant Su Bin ("defendant") was charged in a Second Superseding Indictment with violations of 18 U.S.C. § 1030(a)(2)(C), (a)(4), (b) (Unauthorized Access of Protected Computer and Obtaining Information and Conspiracy to Commit the Same), 22 U.S.C. § 2778 (the Arms Export Control Act), 18 U.S.C. § 371 (Conspiracy to Violate the Arms Export Control Act), 22 C.F.R. Parts 120-130 (the International Traffic in Arms Regulations), and 18 U.S.C. § 1832(a)(5) (Conspiracy to Commit Theft of Trade Secrets).

1

Defendant has requested discovery related to the charges against him.

In the course of its investigation, the government has obtained evidence that may be controlled for export from the United States without a license pursuant to the Title 22, United States Code, Section 2778(b)(2), the International Traffic in Arms Regulations, Title 22, Code of Federal Regulations, Parts 120-130, or pursuant to other export control laws and regulations including the International Emergency Economic Powers Act, Title 50, United States Code, Section 1705.  The government has also obtained evidence that is a trade secret as defined in Title 18, United States Code, Section 1839, or that may be otherwise sensitive or confidential.

For good cause shown, in order to facilitate defendant's access to discovery, and in order to protect any sensitive information contained in discovery in this matter from unnecessary disclosure or dissemination, IT IS HEREBY ORDERED:

1.   Copies of discovery that are subject to this Order, referred to herein as "Confidential Discovery," shall be labeled by the government "CONFIDENTIAL DISCOVERY" or "CONFIDENTIAL DISCOVERY - RESTRICTED," some of which may contain redactions.

2.   Confidential Discovery shall be maintained by counsel for defendant in accordance with the provisions of this order. Confidential Discovery shall be available only to defendant, counsel for defendant, counsel's staff, and any experts, investigators, agents designated by counsel for defendant for use in connection with this case, or third-party witnesses for the sole purpose of preparing defendant's defense.  Confidential Discovery and any copies thereof may only be maintained in the offices of counsel for

defendant in locked rooms, locked cabinets, or locked drawers.  To the extent that any Confidential Discovery is maintained on computers, those computers shall either not be connected to the Internet or an internal network, or if they are connected to either the Internet or an internal network, those computers and the systems on which they are maintained shall use a firewall and current anti-virus detection systems to prevent unintended access to such computers from external sources.  A copy of this order shall be kept with copies of the Confidential Discovery at all times.  Counsel for defendant is responsible for providing a copy of the requested order to his staff and any experts, investigators, agents, or third-party witnesses who will have access to Confidential Discovery and for instructing them to follow the terms of the requested order. Counsel for defendant is also responsible for maintaining a list of persons to whom Confidential Discovery has been made available, and for obtaining a signed Memorandum of Understanding, attached to the this order as Exhibit A, from each such person that he or she has read the terms of the order and will act in accordance with its provisions.

3.   If and when defendant seeks to access Confidential Discovery, such access shall be given only be in the presence of counsel for defendant.  Defendant shall not be permitted to remove or possess any copies of any Confidential Discovery outside of his counsel's presence, and defendant's access to any Confidential Discovery shall only be in the presence of and under the supervision of his counsel in connection with this case who are bound by the provisions and requirements of this order.  Defendant's counsel shall not provide to defendant materials that are designated or

3

marked as containing information or technical data controlled for export by Title 22, United States Code, Section 2778(b)(2), the International Traffic in Arms Regulations, Title 22, Code of Federal Regulations, Parts 120-130, or pursuant to other export control laws and regulations including the International Emergency Economic Powers Act, Title 50, United States Code, Sections 1705, without first obtaining an appropriate license.

4.    Neither defendant nor any party to the Memorandum of Understanding may file any Confidential Discovery in any court filing without first redacting the Confidential Discovery and obtaining the government's concurrence as to the redaction, unless such Confidential Discovery is filed under seal.  Counsel need only reference this order when filing Confidential Information under seal without the need for any ex parte application and order for authorization to file such information under seal.

5.    For any Confidential Discovery marked "CONFIDENTIAL DISCOVERY – RESTRICTED," any such discovery or copies thereof are subject to all other provisions governing how Confidential Discovery must be maintained, and in addition, if stored electronically, may only be stored, maintained, used, or accessed on computers that are not connected to the Internet or to any network and which have wireless network access disabled, regardless of any firewall or anti-virus software used on those computers, nor shall such materials be transmitted between and among defendant's attorneys or their agents via e-mail or the Internet.

6.    Some of the digital evidence collected in this investigation that may require protection from disclosure resides on copies of digital devices.  Such digital devices may be made

available for inspection to counsel for defendant rather than producing copies of such digital evidence, and in such circumstances, the government may designate the digital devices made available to defendant as Confidential Discovery to which the terms of the requested order shall apply.

7. Defendant and defendant's counsel shall not disclose the Confidential Discovery, or information derived from the contents of such Confidential Discovery, to any other person, or provide any other person with copies of the material (whether redacted or otherwise), except as necessary to prepare defendant's defense in connection with this case, without receiving permission in advance from the government or the Court. Such persons also shall be subject to the same restriction on disclosing information subject to the requested order, and shall be so instructed by counsel for defendant. Unless marked or designated as controlled for export, this agreement does not prohibit counsel for defendant from discussing the contents of the material with defendant in this case. For materials marked or designated as controlled for export, counsel shall not discuss the contents of such materials with defendant without first obtaining an appropriate license or authorization.

8. This Stipulation and the Court's Order shall bind defendant and his counsel of record. In the event that defendant obtains additional or different counsel, defendant's counsel shall provide Confidential Discovery to newly retained or appointed counsel only upon counsel's acknowledgement and agreement to be bound by the terms of this Protective order, and signing of the Memorandum of Understanding as detailed above.

9.    No Confidential Discovery, or information derived from the contents of such Confidential Discovery, may be provided to any foreign persons, except to Defendant under the terms of this Order, nor transmitted outside of the United States.

10.   At the conclusion of this case, counsel for defendant shall destroy or return to the government copies of the Confidential Discovery.

11.   If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery to any person or in any circumstance not authorized under this protective order, the party must immediately (a) notify in writing the government of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Discovery, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this order, and (d) request such person or persons to execute the "Memorandum of Understanding" that is attached to this order as Exhibit A.

12.   In the event counsel for defendant receives Confidential Discovery and disputes the need for it to be subject to the requested order, defendant may seek authorization from the Court to remove or modify the provisions of the requested order as it applies to such discovery, so long as defendant notifies the government prior to seeking permission from the Court to do so in order to determine if a stipulated resolution may be reached, and if one cannot, then the government shall have an opportunity to respond to defendant's request for authorization to remove or modify the provisions of the requested order as to such discovery.  Any such Confidential Discovery filed with the Court in connection with such

a request, or in any other filings, shall be filed under seal unless otherwise authorized by the Court.

13.  After the conclusion of any criminal proceedings in the District Court in this case, the government shall maintain a copy of all discovery produced in this case.  The government will maintain such documents until the period of filing an appeal and post-trial motions has expired.

DATED: March 16, 2016

_____
UNITED STATES DISTRICT JUDGE

Prepared by:

       /s/
_____
ANTHONY J. LEWIS
Assistant United States Attorney
Terrorism and Export Crimes Section

<u>MEMORANDUM OF UNDERSTANDING</u>

1.    I understand that I may be the recipient of documents that contain information that is controlled for export, trade secret, proprietary, or otherwise confidential.

2.    I have received, read and understood the Protective Order entered by the United States District Court for the Central District of California in <u>United States v. Su Bin</u>, No. SA CR 14-131(B), and I agree to comply with the provisions thereof.  In particular, I agree that I shall never divulge, publish or reveal, by word, conduct or other means, the documents, materials, or information governed by the Protective Order, unless specifically authorized by the terms of the Protective Order, or in writing by an authorized representative of the United States government, or as otherwise ordered by the Court.  I understand that by signing this agreement, I subject myself to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the Protective Order.

3.    I understand this agreement will remain binding upon me after the conclusion of the proceedings in <u>United States v. Su Bin</u>, No. SA CR 14-131(B), and any subsequent related proceedings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____ , 2016, at_____,

_____.

_____
(printed name)

_____
(signature)